**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FATIMA HUSSAIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:25-cv-10804 |
| | ) | |
| v. | ) | |
| | ) | |
| ENDEAVOR HEALTH CLINICAL | ) | |
| OPERATIONS d/b/a ENDEAVOR | ) | Jury Trial Demanded |
| HEALTH EVANSTON HOSPITAL, | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff, Fatima Hussain ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Endeavor Health Clinical Operations d/b/a Endeavor Health Evanston Hospital ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendant's sex-based discrimination, sexual harassment, race-based discrimination, harassment, national origin-based discrimination, harassment, religion-based discrimination, harassment, and retaliation.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. Plaintiff, Fatima Hussain, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

9. Defendant, Endeavor Health Clinical Operations d/b/a Endeavor Health Evanston Hospital, whose address is 2650 Ridge Avenue, Evanston, IL 60201-1700, is a corporation at all times material to the allegations in this Complaint was doing business in Cook County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Pharmacy Technician from on or about November 16, 2020 until Plaintiff's unlawful termination on or about February 6, 2025.

13. As a Pharmacy Technician, Plaintiff's job duties included but were not limited to preparing, filling, and labelling medications; preparing medication doses accurately; and assisting in maintaining pharmacy inventory.

2

14. Plaintiff met or exceeded Defendant's performance expectations throughout her employment, as evidenced by the positive performance review Plaintiff received during her employment.

15. Plaintiff is an Asian, Pakistani, Muslim woman and thus is a member of protected classes under Title VII based on her race, national origin, religion, and sex.

16. Plaintiff wears a *hijab* headscarf in adherence to her religion, Islam.

17. During her time working for Defendant, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected classes and has subjected Plaintiff to a hostile work environment on the basis of race, national origin, religion, and sex, thereby violating Title VII and Section 1981.

18. In or around 2021, Defendant's employee, Marvin Argueta (male), who served as a pharmacy technician, made sexually-charged advances on Plaintiff, which she rejected as unwanted.

19. Despite Plaintiff's rejection, Marvin engaged in a persistent pattern of unwanted, sexually-charged advances toward Plaintiff, creating a hostile and degrading work environment.

20. Technician Dita Ali directly witnessed Marvin's sexually harassing conduct against Plaintiff.

21. In or around November 2021, after being repeatedly subjected to unwanted sexual harassment, Plaintiff reported Marvin to Defendant for sexual harassment, thereby engaging in protected activity.

22. Dita corroborated Plaintiff's report, supporting the credibility of Plaintiff's allegations.

23. Despite Dita's corroboration of the sexual harassment again Plaintiff, Defendant's Human Resources ("HR") nevertheless dismissed Plaintiff's complaint by stating that "no findings" were made.

24. Defendant's result of "no finding" allowed the severe and pervasive hostile environment to continue against Plaintiff.

25. Following this finding, Marvin continued to engage in a persistent pattern of unwanted, sexually-charged advances toward Plaintiff, which Plaintiff continued to reject.

26. In or around November 2022, Plaintiff again reported Marvin for continued sexual harassment, again engaging in protected activity.

27. Yet again, HR dismissed Plaintiff's complaint, stating again that there were "no findings."

28. Defendant's result of "no finding" allowed the severe and pervasive hostile environment to further continue against Plaintiff.

29. Despite Plaintiff's multiple reports, Marvin's harassment persisted throughout the remainder of Plaintiff's employment.

30. In or around October 2024 – after Plaintiff reported sexual harassment – a medication error that did not involve Plaintiff resulted in a patient receiving the wrong vaccination dose.

31. Rather than conduct a fair and objective investigation, Defendant falsely blamed Plaintiff, despite Plaintiff not being responsible for the error, and issued her a Level 1 corrective action.

32. In or around January 2025, Plaintiff spoke with Lynn, who managed the Epic Scan system, about the October 2024 vaccine error.

33. Lynn confirmed that the error was a system scan issue and not Plaintiff's fault.

34. The Director of Pharmacy acknowledged that the corrective action against Plaintiff had been mistakenly issued, reinforcing that Plaintiff had been falsely blamed and disciplined in retaliation for her reports of sexual harassment.

35. Still, even after Plaintiff was cleared of all wrongdoing, Defendant escalated its retaliation by subjecting Plaintiff to ongoing harassment and repeated threats of further unwarranted discipline.

36. Defendant retaliated against Plaintiff by issuing her a fraudulent written warning based on a false accusation that she had "slammed" a medication onto the counter, despite the fact that Plaintiff did not engage in the behavior that Defendant falsely mischaracterized as aggressive.

37. Despite her positive performance record, Plaintiff was consistently denied advancement to Level 2 Technician after Karen Kelley became her manager.

38. Meanwhile, other employees hired after Plaintiff were promoted to higher levels, including Level 3.

39. Management cited Plaintiff's performance as a barrier to advancement, despite the fact that under her prior supervisor, Amber, Plaintiff consistently received positive performance reviews.

40. Plaintiff only began receiving negative reviews when Kelley became her manager.

41. In addition to subjecting Plaintiff to unjustified disciplinary action and unjustified negative performance reviews, Kelley further targeted Plaintiff by physically intimidating her.

42. On at least two occasions, Kelley put her hand in Plaintiff's face and commented that Plaintiff's mask and hijab were "not proper," thereby targeting Plaintiff for her religious attire.

43. This incident was witnessed firsthand by the pharmacy director and another manager, Jae Shin, and was captured on surveillance footage.

44. Plaintiff reported Kelley's Islamophobic conduct to Defendant's pharmacy director and HR, thereby engaging in protected activity.

45. Despite clear video evidence and multiple eyewitnesses, HR once again refused to act and dismissed Plaintiff's complaint by stating that "no findings" were made, thereby reinforcing the discriminatory environment by denying conduct that had plainly occurred and allowing the severe and pervasive hostile environment to continue against Plaintiff.

46. Consistent with her pattern of targeting employees based on protected characteristics, Kelley also made bigoted remarks, including stating, "People come here from third world countries and make our break room dirty," and referring to non-white employees as "dirty, dangerous, and uneducated."

47. On or about January 15, 2025 and January 25, 2025, Plaintiff's friend, Raed Suleiman (non-white), picked her up from work near the hospital entrance.

48. During one of those pickups, Plaintiff and Raed overheard Defendant's pharmacists Melissa Smith and Mallory Clay refer to Plaintiff with disgust with the discriminatory and horrifying insult of "fucking Muslim bitch."

49. Melissa and Mallory's discriminatory and shocking conduct reinforced the pattern of religious discrimination and harassment Plaintiff suffered in the workplace, reinforced by Defendant's consistent findings of no wrongdoing that allowed the severe and pervasive hostile environment to continue against Plaintiff.

50. Amidst the slew of discrimination and harassment Plaintiff suffered, she was also subjected to further false accusations by Defendant's employee, Michael (LNU) (male), who

attempted to deflect blame for the vaccine incident that Plaintiff had been cleared of by falsely accusing her of harassment.

51.     Plaintiff unequivocally denied these false accusations.

52.     On or about February 6, 2025, Defendant unjustly terminated Plaintiff's employment on the pretext that she violated the harassment policy, despite the fact that Michael's allegations were false and despite Defendant's consistent pattern of dismissing Plaintiff's own well-founded complaints of sexual harassment and discriminatory and harassing conduct against her.

53.     Plaintiff appealed her termination.

54.     During her appeal process, two employee witnesses – Joshua Turner and Dangello Holliday – independently reported hearing Melissa Smith and Mallory Clay conspire to fabricate harassment allegations against Plaintiff because she is a Muslim woman who wears a hijab.

55.     Turner, who worked in Defendant's Food Services, submitted a written statement that he heard Smith and Clay express hatred toward Plaintiff because of her religion and headscarf and openly plan to falsely accuse Plaintiff of harassment.

56.     Additionally, Turner reported that Smith and Clay intended to influence others to support their false claims against Plaintiff to ensure she would be terminated.

57.     Holliday, an employee in Defendant's Environmental Services, attested that he witnessed Smith and Clay in the hallway near the pharmacy stating that they hated Plaintiff because she is Muslim and wears a hijab, and plotting to fabricate harassment allegations to have Plaintiff fired.

58.     Throughout her employment, Plaintiff opposed and reported discrimination, harassment, and bigoted remarks based on her sex, race, national origin, and religion.

59.     Despite Plaintiff's repeated reports, Defendant failed to take corrective action and instead retaliated against Plaintiff based on her protected reports of sex, race, national origin, and religion-based discrimination and harassment.

60.     Ultimately, Plaintiff was subjected to ongoing sexual harassment, race-based, religion-based, and national origin-based harassment and discrimination, denied advancement opportunities, disciplined unfairly, and terminated in pretextual fashion.

61.     Plaintiff was further denied reasonable accommodation for her sincerely held religious practice of wearing a hijab, as supervisors criticized and interfered with her ability to wear religious clothing.

62.     Defendant's conduct violated Title VII and 42 U.S.C. §1981 by subjecting Plaintiff to discrimination, harassment, retaliation, and failure to accommodate on the basis of her sex, race, national origin, and religion.

63.     Plaintiff was targeted for termination because of her race, national origin, religion, and sex.

64.     Plaintiff suffered multiple adverse employment actions including, unwarranted disciplinary action and ultimately termination.

65.     A basis for employer liability exists for the race, national-origin, religion, and sex-based discrimination and harassment to which Plaintiff was subjected because Plaintiff reasonably complained to Defendant about the discrimination and harassment.

66.     Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff opposed and reported to Defendant discrimination and harassment based on race, national origin, religion, and sex.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

67.    Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

68.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69.    Plaintiff met or exceeded performance expectations.

70.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

71.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

72.    Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

73.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

74.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Sexual Harassment)

75.    Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

76.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

77.    Defendant knew or should have known of the harassment.

78.    The sexual harassment was severe or pervasive.

79.    The sexual harassment was offensive subjectively and objectively.

80.    The sexual harassment was unwelcomed.

81.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

82.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

83.    As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

84.    Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

85.    Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

86.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and sexual harassment.

87.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

88.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and sexual harassment.

89.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

10

90.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination.

91.     By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and sexual harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

92.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

93.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT IV**
**Violation of 42 U.S.C. §1981**
**(Race-Based Discrimination)**

94.     Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

95.     Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

96.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

97.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

98. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

99. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

100. Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

101. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

102. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race, Asian.

103. Plaintiff met or exceeded performance expectations.

104. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

105. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

106. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

107. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

108.    Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

109.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

110.    Defendant knew or should have known of the harassment.

111.    The race-based harassment was severe or pervasive.

112.    The race-based harassment was offensive subjectively and objectively.

113.    The race-based harassment was unwelcomed.

114.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. due to Plaintiff's race, Asian.

115.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

116.    As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VII**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

117.    Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

118.    Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq*. due to Plaintiff's race, Asian.

119.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based discrimination and harassment.

13

120. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

121. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race-based discrimination and harassment.

122. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

123. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

124. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting race-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

125. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

126. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT VIII**
**Violation of 42 U.S.C. §1981**
**(National Origin-Based Discrimination)**

127. Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

128. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the

making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

129. Defendant's conduct against Plaintiff's national origin amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

130. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

131. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

132. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IX
### Violation of Title VII of the Civil Rights Act of 1964
### (National Origin-Based Discrimination)

133. Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

134. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

135. Plaintiff met or exceeded performance expectations.

136. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

15

137. Defendant terminated Plaintiff's employment on the basis of Plaintiff's national origin, Pakistani.

138. Plaintiff is a member of a protected class under Title VII due to Plaintiff's national origin.

139. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

140. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT X**
**Violation of Title VII of The Civil Rights Act of 1964**
**(National Origin-Based Harassment)**

141. Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

142. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

143. Defendant knew or should have known of the harassment.

144. The national origin-based harassment was severe or pervasive.

145. The national origin-based harassment was offensive subjectively and objectively.

146. The national origin-based harassment was unwelcomed.

147. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's national origin, Pakistani.

148. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

16

149. As a direct and proximate result of the national origin-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT XI
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

150. Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

151. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq*. due to Plaintiff's national origin, Pakistani.

152. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted national origin-based discrimination and harassment.

153. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

154. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of national origin-based discrimination and harassment.

155. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

156. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

157. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting national origin-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

158. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

159. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT XII
### Violation of Title VII of the Civil Rights Act of 1964
### (Religion-Based Discrimination)

160. Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

161. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's religion, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

162. Plaintiff met or exceeded performance expectations.

163. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

164. Defendant terminated Plaintiff's employment on the basis of Plaintiff's religion, Islam.

165. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's religion.

166. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

18

## COUNT XIII
### Violation of Title VII of the Civil Rights Act of 1964
### (Religion-Based Harassment)

167.    Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

168.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to religion-based harassment, in violation of the Illinois Human Rights Act (775 ILCS 5/).

169.    Defendant knew or should have known of the harassment.

170.    The religion-based harassment was severe or perversive.

171.    The religion-based harassment was offensive subjectively and objectively.

172.    The religion-based harassment was unwelcome.

173.    Plaintiff is a member of a protected class under the Illinois Human Rights Act (775 ILCS 5/) due to Plaintiff's religion, Islam.

174.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

175.    As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT XIV
### Violation of Title VII of the Civil Rights Act of 1964
### (Failure to Accommodate Religious Belief or Practice)

176.    Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

177.    Title VII requires an employer to reasonably accommodate an employee's religious beliefs or practices, unless doing so would cause an undue burden on the employer.

178.    Plaintiff is a practicing Muslim whose sincerely held religious beliefs require her to wear a hijab and observe modest dress in the workplace.

19

179. Defendant was aware of Plaintiff's religious beliefs and practice of wearing a hijab, including through Plaintiff's direct reports to management and the obvious, visible expression of her religious practice.

180. Plaintiff requested and required an accommodation to continue practicing her religion in the workplace by wearing her hijab without harassment, interference, or discipline.

181. Rather than reasonably accommodating Plaintiff's religious beliefs and practice, Defendant criticized, mocked, and interfered with Plaintiff's use of religious clothing, including comments that her mask and hijab were "not proper" and other anti-Muslim remarks.

182. The accommodation Plaintiff sought—to wear a hijab and religious clothing while performing her duties—was reasonable and did not impose an undue hardship on Defendant.

183. Defendant failed to take steps to ensure that Plaintiff could observe her religious practice of wearing a hijab in the workplace free from discrimination.

184. Instead of taking steps to accommodate Plaintiff's request to wear religious clothing, Defendant allowed supervisors and coworkers to harass her for her religious practice, and ultimately, Defendant terminated Plaintiff on the basis of her religion and religious practices.

185. Accordingly, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's sincerely held religious beliefs or practices in violation of Title VII.

186. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**COUNT XV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

187. Plaintiff repeats and re-alleges paragraphs 1–66 as if fully stated herein.

188. Plaintiff engaged in protected activity.

189. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted religion-based discrimination and harassment.

20

190. Additionally, Plaintiff requested religious accommodations.

191. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

192. In response to Plaintiff's protected activity, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of religion discrimination and harassment and failed to engage in an interactive process with Plaintiff to determine if she could be accommodated.

**193.** Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

194. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination.

195. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the religion-based discrimination and harassment and requesting religious accommodations, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

196. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

197. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

21

a.      Back pay;

b.      Payment of interest on all recoverable back pay and benefits;

c.      Front pay;

d.      Loss of benefits;

e.      Compensatory and punitive damages;

f.      Reasonable attorneys' fees and costs;

g.      Award pre-judgment interest if applicable; and

h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 8th day of September, 2025.

*/s/ Yasmeen Elagha*
**YASMEEN ELAGHA, ESQ.**
**MOHAMMED BADWAN, ESQ.**
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL 60148
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Counsel for Plaintiff*